UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | EDCV 12-1373 DSF (OPx) | Date | 10/19/12 |
|---|---|---|---|
| Title | Excelsior Youth Center, Inc. v. San Bernardino County | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction; Order Continuing Hearing on Motion to Dismiss

The claimed basis for subject matter jurisdiction in this case is diversity. It is well-established that a state is not a "citizen" and cannot be sued in diversity. Moor v. Alameda County, 411 U.S. 693, 717 (1973). However, local governmental entities and officials can be sued in diversity unless they are "alter ego[s] or arm[s]" of the state. Id. Plaintiff has failed to establish that the relevant officials were not acting as "alter egos or arms" of the state when they entered into the contracts at issue to place children in out-of-state facilities. See Cal. Fam. Code § 7911(a) ("The health and safety of California children placed by a county social services agency or probation department out of state pursuant to the provisions of the Interstate Compact on the Placement of Children are a matter of statewide concern."); Cal. Fam. Code § 7901, Art. 7 ("The executive head of each jurisdiction party to this compact shall designate an officer who shall be general coordinator of activities under this compact in his or her jurisdiction and who, acting jointly with like officers of other party jurisdictions, shall have power to promulgate rules and regulations to carry out more effectively the terms and provisions of this compact."); Cal. Fam. Code § 7909 ("'Executive head' as used in Article 7 of the Interstate Compact on the Placement of Children means the Governor. The Governor shall appoint a compact administrator in accordance with the terms of Article 7 of the compact.")

Plaintiff is ordered to show cause, in writing, no later than October 29, 2012 why this case should not be dismissed for lack of subject matter jurisdiction. The hearing on the pending motion to dismiss, currently set for October 29, is continued to November 5,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

2012 at 1:30 p.m.

IT IS SO ORDERED.